IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*,<br><br>　　　　　　　　*Plaintiffs*,<br>　v.<br><br>FAHRENHEIT MECHANICAL, LLC,<br><br>　　　　　　　　*Defendant*. | Case No. 1:20-cv-0431<br>Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on the Magistrate Judge's R&R granting Plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b). Dkt. 26; *see also* Dkts. 22, 23.

Plaintiffs, the Boards of Trustees for the Sheet Metal Workers' National Pension Fund; International Training Institute for the Sheet Metal and Air Conditioning Industry; National Stabilization Agreement for the Sheet Metal Industry Trust Fund, the Sheet Metal Workers' Occupational Health Institute Trust, and the National Energy Management Institute Committee (together "the Fund") filed this action on April 17, 2020 against Defendant Fahrenheit Mechanical, LLC, alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. § 1332(a)(3), (d)(1), (g)(2), and the Labor Management Relations Act of 1947 ("LMRA"), *as amended*, 29 U.S.C. § 185. *See generally* Dkt. 11. The Fund seeks a monetary judgment consisting of delinquent contributions due by audit, an exit contribution, accrued interest, liquidated damages, audit testing fees, and attorney's fees and costs pursuant to ERISA, the LMRA, and the Parties' collective bargaining agreement ("CBA") and Trust Document. *See generally* Dkts. 11, 23.

After Defendant failed to answer the amended complaint, the Fund requested, and the Clerk entered, a default in late November 2020. Dkts. 20, 21. Thereafter, Plaintiff filed a motion for default judgment and noticed a hearing before the Magistrate Judge on December 18, 2020. Dkts. 22, 23, 24. In light of the risks posed by the pandemic, to "proceed as cautiously and safely as possible," the Magistrate Judge did not hold a hearing and instead allowed "any interested party to file an objection [to the default judgment motion] within twenty (20) days of the date of [November 27, 2020]." *See* Dkt. 25, at 2. No party filed a timely objection to the motion by December 17, 2020, so the Magistrate Judge issued her Report and Recommendation on December 18, 2020. *See generally* Dkt. 26.

In the Report and Recommendation, the Magistrate Judge made the following findings:

- The Court has subject matter jurisdiction and personal jurisdiction over the Defendant, and venue is proper. *See id.* at 3–4.
- Valid service of process was effectuated on Defendant on October 27, 2020, consistent with Fed. R. Civ. P. 4(c) and (h)(1)(B). *Id.* at 4.
- Defendant owes $144,386.37 in delinquent underpaid contributions due by audit from the period of April 2018 through October 2019 pursuant to 29 U.S.C. §§ 1132 and 1145, and 29 U.S.C. § 185. *Id.* at 10–11.
- Defendant owes $23,366.08 in interest calculated at a rate of 0.0233% per day, compounded daily, on the delinquent underpaid contributions pursuant to 29 U.S.C. §§ 1132 and 1145, and 29 U.S.C. § 185. *Id.*
- Defendant owes $28,877.27 in liquidated damages calculated at a rate of 20% of the delinquent underpaid contributions pursuant to 29 U.S.C. §§ 1132 and 1145, and 29 U.S.C. § 185. *Id.*
- Defendant owes $1,230.00 in audit testing fees pursuant to 29 U.S.C. §§ 1132 and 1145, and 29 U.S.C. § 185. *Id.*
- Defendant was terminated as a contributing employer pursuant to the CBA and Trust Document as of January 1, 2020. *Id.* at 9–11; Dkt. 23-1, at 7. This constituted an event of withdrawal under ERISA. Defendant was notified by the Fund of this withdrawal, which ultimately triggered Defendant's obligation to pay an exit contribution of $348,051.19 pursuant to 29 U.S.C. § 1145, the CBA, and the Trust Document. Dkt. 26, at 9–11; Dkt 23-1, at 7–8.
- Defendant owes $21,636.15 in interest calculated at the rate of 0.0233% per day, compounded daily, on the delinquent exit contribution pursuant to 29 U.S.C. §§ 1132 and 1145, and 29 U.S.C. § 185. Dkt. 26, at 10–11.

- - Defendant owes $69,610.24 in liquidated damages calculated at a rate of 20% of the delinquent exit contribution pursuant to 29 U.S.C. §§ 1132 and 1145, and 29 U.S.C. § 185. *Id.*
  - The Fund is entitled to reasonable fees and costs totaling $7,086.70 pursuant to ERISA, 29 U.S.C. § 1132(g)(2), and the Trust Agreement. This amount is comprised of $6,047.50 in attorney's fees and $1,039.20 in costs. *Id.*

Ultimately, the Magistrate Judge recommended (1) entering default judgment against Defendant Fahrenheit Mechanical, LLC in the amount of $637,157.30 and (2) awarding attorney's fees and costs to Plaintiffs in the amount of $7,086.70. *Id.* at 11–12.

Concluding that "there is no clear error on the face of the record," *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), the Court **APPROVES** and **ADOPTS** the R&R (Dkt. 26) in full. Accordingly, the Fund's motion for default judgment (Dkt. 22) is **GRANTED**. It is hereby **ORDERED** that the Clerk of the Court is to enter a judgment pursuant to Fed. R. Civ. P. 55(a) in favor of Plaintiffs and against Defendant Fahrenheit Mechanical, LLC in the total amount of $644,244.00.

It is **SO ORDERED**.

April 15, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge